UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DIESEL SPECIALISTS, L.L.C.                    CIVIL ACTION

VERSUS                                        NUMBER: 09-2843

M/V MOHAWK TRAVELER, ETC., ET AL.             SECTION: "N"(5)


                    **REPORT AND RECOMMENDATION**

    Pursuant to an order of reference from the District Judge, presently before the Court is plaintiff's motion to enforce settlement agreement. (Rec. docs. 147, 145, 154). Defendants have filed no opposition to plaintiff's motion. For the reasons that follow, it is recommended that plaintiff's motion be granted and this matter be reopened as between the particular parties and restored to the District Judge's trial docket.

    Plaintiff originally brought this action to recover from a number of related entities[1]/ the cost for refurbishing a diesel engine to be used aboard the M/V MOHAWK TRAVELER. (Rec. doc. 1).

---

[1]/ A number of related limited liability corporations owned by Mr. Larry Fitch include Mohawk Traveler Transportation, LLC, Fitch Transportation, Inc., Mohawk Transportation, LLC, Mohawk Marine Transport, LLC, and Fitch Marine Transport, LLC. These entities, along with the vessel itself, shall collectively be referred to as the "Fitch entities".

Subsequent to the pre-trial conference and three days prior to the then-scheduled trial, a settlement agreement was reached between Fitch Transportation, Inc. and plaintiff whereby plaintiff would be paid the disputed sum via an initial lump sum and installment payments to follow, with the agreement being memorialized in writing. (Rec. doc. 145-4).  As part of the settlement agreement, plaintiff agreed to release the claims it had or could have asserted against the Fitch entities and the vessel itself. (Id.). Unfortunately, the Fitch entities thereafter paid plaintiff nothing as they had agreed to, prompting plaintiff to file the motion that is presently before the Court.  No formal opposition to the motion has been filed.  Nor has a final order of dismissal ever been entered as between plaintiff and the Fitch entities.

Following the referral of plaintiff's motion to the undersigned, a status conference was held in which several alternatives were discussed to resolve the impasse between the parties. (Rec. doc. 150).  Those efforts proved to be unavailing, however, and the Fitch entities' original counsel, citing the non-payment of his fees from his client, moved and was allowed to withdraw from this matter.[2]/ (Rec. docs. 151, 152).  By way of a supplemental memorandum and as articulated by its counsel at the most recent status conference that was held in this matter (rec.

---

[2]/ The Fitch entities have since secured substitute counsel. (Rec. docs. 158, 160).

docs. 154. 159), plaintiff asks that this case be reopened as between it and the Fitch entities, one of the two remedies that are available in the face of the breach of a settlement agreement. See Stipelcovich v. Sand Dollar Marine, Inc., 805 F.2d 599, 605 (5th Cir. 1986). Through their new counsel, defendants have indicated that they have no opposition to the reinstatement of the case. (Rec. doc. 159). Accordingly, it will be recommended that plaintiff's motion be granted and that the case be reopened as between it and the Fitch entities.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion to enforce settlement agreement be granted and that this case be reopened as between plaintiff and the Fitch entities.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __6th__ day of __December__,

3

2010__.

                                                _____
                                                        ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE