UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DIESEL SPECIALISTS, L.L.C., ET AL.          CIVIL ACTION

VERSUS                                      NO.  09-2843, c/w 11-1162

MOHAWK TRAVELER M/V, ET AL.                 SECTION  "N"  (5)


                         **ORDER AND REASONS**

   Before the Court is the "Motion to Dismiss Counter Claim and Third Party Demand and Motion to Strike Affirmative Defenses and Jury Trial Request" (Rec. Doc. 210), filed by Mississippi River Bank ("MRB"). This motion is opposed by Mohawk Traveler Transportation, LLC ("Mohawk").  (See Rec. Doc. 215).  After considering all the memoranda filed by the parties (including Rec. Docs. 222 and 228) and the applicable law, including the Local Rules of this Court,

   **IT IS ORDERED** that the **"Motion to Dismiss Counter Claim and Third Party Demand and Motion to Strike Affirmative Defenses and Jury Trial Request" (Rec. Doc. 210)** is **GRANTED IN PART AND DENIED IN PART** for the reasons that follow.

   This Court has previously stricken the Verified Answer, Counterclaim, and Third Party Claim filed by Mohawk, relating to

member case no. 09-2843. (Rec. Doc. 172). Now, MRB requests the dismissal of the counterclaim and third party demand, relating to member case no. 11-1162. To the extent that this motion requests dismissal of the third party demand and counterclaim lodged in Rec. Doc. 192, this motion is granted. Specifically, Mohawk asserted its counterclaim and third party demand by simply adopting and incorporating all allegations contained in Paragraphs 1-53 of Rec. Doc. 172, which has been stricken from the record. While Mohawk may file a motion properly requesting leave to file these claims[1], if such motion is opposed, it shall be noticed for submission before the assigned Magistrate Judge, pursuant to Local Rule 72.1.

    To the extent that the motion requests that the affirmative defenses be stricken from Rec. Doc. 192, the motion is denied. MRB argues that Mohawk's six affirmative defenses in Rec. Doc. 192 should be stricken. (See Rec. Doc. 210-1, pp. 11-12). MRB contends that Mohawk does not adequately convey the grounds for its affirmative defenses in order to give MRB fair notice of those defenses. MRB also asserts that second defense (which asserts that the seizure of the M/V MOHAWK WARRIOR is improper and not allowed by law) is inappropriate as Judge Carl Barbier initially reviewed the Verified Complaint, Motion and

---

[1] Because these claims are not presently pending, the Court does not reach the standing argument made by MRB. To do so prior to the claims being properly asserted would be akin to this Court issuing an advisory opinion, which is impermissible.

Incorporated Memorandum and determined that the conditions for an *in rem* action appeared to exist and ordered the Clerk to issue a warrant for the arrest of the WARRIOR. (Member case no. 11-1162, Rec. Doc. 4). In its Memorandum in Opposition (Rec. Doc. 215), Mohawk argues that it has adequately pleaded its affirmative defenses in order to give MRB fair notice of those defenses. Furthermore, Mohawk alleges that the fact that Judge Barbier found *prima facie* evidence sufficient to grant the motion to arrest does not somehow subsequently bar the assertion of an affirmative defense.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Tarver v. Foret*, 1996 WL 3536, *1 (E.D. La. Jan. 3, 1996). However, motions to strike under Rule 12(f) are disfavored and "should be used sparingly by the courts" because they are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Pan–Am. Life Ins. Co. v. Gill*, 1990 WL 58133, *2 (E.D .La. Apr. 27, 1990) *(internal quotations omitted)*. Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted. *Id.*

Because affirmative defenses are pleadings, they are

3

governed by the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8(a) describes the pleading requirements for claims for relief, subsections (b) and (c) of Rule 8 govern the pleading requirements for defenses and affirmative defenses. See Fed. R. Civ. P. 8. Under Rule 8(b) and (c), a defendant must "state in short and plain terms its defenses to each claim asserted against it" and must "affirmatively state any avoidance or affirmative defense ...." Fed. R. Civ. P. 8(b)(1)(A) and (c)(1).

Here, the Court finds that Mohawk has adequately pleaded its affirmative defenses under Rule 8(b) and (c) in order to put MRB on notice of those defenses. Furthermore, the Court agrees with Mohawk that the fact that Judge Barbier found *prima facie* evidence sufficient to grant the motion to arrest does not somehow bar the assertion of an affirmative defense. In addition, MRB has also failed to allege any prejudice it would suffer if the affirmative defenses are not stricken from Mohawk's Answer. Finally, any additional information that MRB argues is missing from Mohawk's Answer can be obtained during discovery. Because motions to strike under Rule 12(f) are generally disfavored and within the court's discretion, the Court chooses not to exercise its discretion at this time to strike Mohawk's affirmative defenses from its Answer at Rec. Doc. 192.

Last, as for MRB's request to strike the jury trial, this

portion of the motion is granted as expressly unopposed. (See Rec. Doc. 215, p. 6).

New Orleans, Louisiana, this 13th day of September 2011.

_____
KURT D. ENGELHARDT
United States District Judge